UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

CHRISTOPHER ROMERO,

    Plaintiff,

v.   Civ. No. 23-1008-MLG-GJF

MIKE BRISCO, *et al*,

    Defendants.

### ORDER REGARDING EXTENSION

This matter is before the Court on Plaintiff's Motion Requesting Extension of Time to Reply and in Lieu of an Answer [ECF 4] (Motion to Extend).   Also before the Court is his Motion for Hearing [ECF 5].   Plaintiff seeks an extension of time to object to the Notice of Removal filed on November 15, 2023 [ECF 1] and respond to the Motion to Dismiss for Failure to State a Claim [ECF 2] (Motion to Dismiss) filed on November 22, 2023.   By statute, a request "to remand the case [to state court] on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal…."   28 U.S.C. § 1447(c).   Where, as here, a motion to remand is "not filed within [the] thirty day [period] …, the district court lack[s] discretion under § 1447(c) to remand based on a procedural defect."   *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. App'x 752, 756 (10th Cir. 2004).   Accordingly, the Court must deny any request to extend the 30-day period to object to removal based on a procedural defect.   Plaintiff may seek a remand based on the lack of subject matter jurisdiction at any time before entry of final judgment.   *See* 28 U.S.C. § 1447(c).

Plaintiff also requests a five-month extension to respond to the Motion to Dismiss.   He cites prison lockdowns and a lack of reliable access to legal materials.   The Court finds good cause

to grant relief but will not extend the deadline for five months. The Motion to Dismiss was filed on November 22, 2023. The Court will extend the response deadline through February 22, 2024. If Plaintiff fails to timely respond to the Motion to Dismiss, the Court may dismiss this case without further notice.

With respect to Plaintiff's Motion for Hearing, such relief is premature in light of the pending Motion to Dismiss. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."). The Court will deny Plaintiff's Motion for Hearing without prejudice to renewing the request if this case survives Rule 12(b)(6) review.

**IT IS ORDERED** that Plaintiff's Motion Requesting Extension of Time to Reply and in Lieu of an Answer [**ECF 4**] is **GRANTED, in part, and DENIED, in part**, as set forth above; and the deadline for Plaintiff to respond to Defendant's Motion to Dismiss is extended through **February 22, 2024**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing [**ECF 5**] is **DENIED without prejudice**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE